NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Anthony GIANFRANCESCO, | |
| Plaintiff, | Civ. No. 10-6553 |
| v. | |
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL 594, et al., | OPINION |
| Defendants. | |

THOMPSON, U.S.D.J.

### I. INTRODUCTION

This matter has come before the Court upon the Motion for Sanctions and Attorneys' Fees filed by Defendants John Adams, Patrick Byrne, Jose Colon, Eastern Regional Office of the Laborers International Union of North America ("Eastern Regional Office"), Laborers International Union of North America Local 594 ("Local 594"), New Jersey Building Construction Laborers District Council ("N.J. District Council"), and Raymond Pocino (collectively, "Defendants"). (Docket Entry No. 47). Plaintiff Anthony Gianfrancesco ("Plaintiff") opposes the motion. (Docket Entry No. 52). The Court has decided the matter upon consideration of the parties' written submissions and oral arguments made before the Court on May 23, 2013. For the reasons given below, Defendants' Motion for Sanctions and Attorneys' Fees is denied.

### II. BACKGROUND

This case concerns Defendants' termination of Plaintiff, an employee at Local 594 who reported a number of alleged wrongdoings and illegalities at the union that he uncovered in the

course of his employment. Plaintiff sought relief from Defendants for wrongful termination, claiming that he was terminated in retaliation for acting as a whistleblower in violation of the New Jersey Conscientious Employee Protection Act ("CEPA"). The Court assumes the parties' familiarity with the underlying facts of the case and briefly recites those facts relevant to the Court's analysis.

   A. *Factual History*

From 2000 until November 2009, Plaintiff was an employee of the Laborers' International Union of North America ("LIUNA"). During that time, LIUNA employed an organizational hierarchy that included the Eastern Regional Office, the N.J. District Council,[1] and Local 594. Plaintiff held positions at both the local and district council level of the union. He served as President and District Council Delegate of Local 594, as well as President, Secretary Treasurer, and Field Representative of the N.J. District Council.

While working in these capacities, Plaintiff became aware of "numerous wrongdoings and illegalities." In particular, Plaintiff's cooperation in financial audits in 2008 revealed a number of wrongdoings concerning the finances of the N.J. District Council and Local 594, each of which he reported. Specifically, he reported that his brother, another union employee, had used a credit card to make personal purchases, had failed to return the card upon his retirement, and had also been awarded pay for five weeks of unused vacation time upon his retirement. Additionally, Plaintiff reported the presence of non-union and undocumented workers at a job site.

In November 2009, Plaintiff was terminated. Defendants claimed he was terminated because he was an "underperforming" employee and the union needed to reduce the workforce

---

[1] Prior to the formation of the N.J. District Council in August 2009, Local 594 was a member of the Central New Jersey Building Laborers District Council. For the purposes of this motion, the two organizations are referred to as "the N.J. District Council."

2

as a result of a deepening economic slump. Plaintiff claimed, however, that he was terminated in retaliation for acting as a whistleblower.

    B. *Procedural History*

On October 28, 2010, Plaintiff initiated this lawsuit against Defendants, alleging that his termination constituted a violation of CEPA.[2] (*See* Compl., Docket Entry No. 1, Attach. 2). Plaintiff was deposed on May 11, 2012 and testified that all of his alleged whistle-blowing activities fell entirely within his job duties. (Docket Entry No. 47, Attach. 2, Ex. A). Defendants' counsel then sent a letter to Plaintiff's counsel on May 14, 2012, informing him that Defendants intended to file a motion for sanctions because Plaintiff's claim was frivolous. (*Id*. Ex. F). In the letter, Defendants' counsel explained that Plaintiff's admission that his whistleblowing acts were within his job duties as an employee rendered Plaintiff's claim "wholly without basis in law or fact" as a result of the "job duties exception" to CEPA. (*Id*.).

Defendants filed the motion for sanctions and attorneys' fees on July 9, 2012. (Docket Entry No. 26). On September 17, 2012, the Court conducted a telephonic hearing on the motion. (Docket Entry No. 36). During the hearing, the Court denied the motion and converted it to a motion for summary judgment, explaining that "it may well be that the defendant is entitled to attorneys' fees" but that such a determination should be deferred until after summary judgment. (Docket Entry No. 53 at 8:14-16, 9:1-12).

On January 22, 2013, after the parties submitted new briefs for the motion for summary judgment, the Court granted summary judgment. (Docket Entry Nos. 45, 46). In granting summary judgment, the Court rejected Plaintiff's argument that no "job duties exception" existed and concluded that "as [Plaintiff's] whistle-blowing activities fall within his job duties, he is not

---

[2] The complaint was initially filed in the Superior Court of New Jersey and was subsequently removed to federal court on December 14, 2010. (*Id*.).

entitled to relief under CEPA." (Docket Entry No. 45 at 7-11).  Defendants have now renewed their motion for sanctions and attorneys' fees.  (Docket Entry No. 57).

### III. LEGAL STANDARD

Defendants seek sanctions and attorneys' fees under Federal Rule of Civil Procedure 11(c)(2) and 28 U.S.C. § 1927.  (*Id.*).  They also seek attorneys' fees under N.J.S.A. 34:19-6.  (*Id.*).

A. *Federal Rule of Civil Procedure 11*

Federal Rule of Civil Procedure 11 governs attorneys' ethical obligations associated with filing or pursuing a lawsuit.  FED. R. CIV. P. 11.  It provides that

> [b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [t]he claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

FED. R. CIV. P. 11(b)(2).  Rule 11 essentially imposes a "duty to look before leaping and may be seen as a litigation version of the familiar railroad admonition to 'stop, look, and listen.'" *Lieb v. Topstone, Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986).  Under Rule 11, an attorney's actions must be reasonable under the circumstances.  *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991).  "Reasonableness" is defined as "an objective knowledge or belief at the time of the filing that the claim was well-grounded in fact and law." *Ford v. Summit Motor Prods., Inc.*, 930 F. 2d 277, 289 (3d Cir. 1991).  This duty continues after the initial filing, as "insisting on a position after it is no longer tenable" also violates the rule.  FED. R. CIV. P. 11(B), (C) advisory committee note.

Rule 11 imposes mandatory sanctions if a violation is found.  *Lieb*, 788 F.2d at 157. "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if

imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation." FED. R. CIV. P. 11(c)(4).

   B. Section 1927

Under 28 U.S.C. § 1927, a court may award attorneys' fees in certain circumstances. 28 U.S.C. § 1927. The statute provides that

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id*. The Third Circuit has held that "a bad faith finding is required as a precondition to the imposition of attorneys' fees under section 1927." *Baker Indus., Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 208 (3d Cir. 1985). "Bad faith" may be shown through "the intentional advancement of a baseless contention that is made for an ulterior purpose, e.g. harassment or delay." *Ford*, 790 F.2d at 347. Therefore, "[w]hen a claim is advocated despite the fact that it is patently frivolous or where a litigant continues to pursue a claim in the face of an irrebutable defense, bad faith can be implied." *Loftus v. Se. Pa. Transp. Auth.*, 8 F. Supp. 2d 458, 561 (E.D. Pa. 1998), *aff'd* 187 F.3d 626 (3d Cir. 1999).

   C. N.J.S.A. 34:19-6

CEPA contains a fee-shifting provision as well. *See* N.J.S.A. 34:19-6. It provides that

> [a] court, upon notice of motion in accordance with the Rules Governing the Courts of the State of New Jersey, may also order that reasonable attorneys' fees and court costs be awarded to an employer if the court determines that an action brought by an employee under this act was without basis in law or in fact. However, an employee shall not be assessed attorneys' fees under this section if, after exercising reasonable and diligent efforts after filing a suit, the employee files a voluntary dismissal concerning the employer, within a reasonable time after determining that the employer would not be found to be liable for damages.

*Id*. Therefore, for an employer to recover reasonable attorneys' fees under the provision, "the employer must be vindicated and the employee must have proceeded without basis in fact . . . ." *Best v. C&M Door Controls, Inc.*, 200 N.J. 348, 358 (2009). This standard is similar to New Jersey's frivolous claim law which awards costs to a prevailing party when it is shown that the nonprevailing party "knew, or should have known that the complaint . . . was without basis in law or equity . . . ." *Buccina v. Micheletti*, 311 N.J. Super. 557, 562-63 (App. Div. 1998) (citing N.J.S.A. 2A:15-59.1).

IV.  ANALYSIS

As a preliminary matter, the Court considers Plaintiff's argument that the motion for sanctions and attorneys' fees should be analyzed under the standard for a motion for reconsideration. Plaintiff argues that this is the proper standard because Defendants' original motion for sanctions and attorneys' fees was denied by the Court. In denying the motion, however, the Court converted it to a motion for summary judgment with leave to renew the motion for sanctions if summary judgment was granted. As such, the Court finds that the standard for a motion for reconsideration is not proper here.

The Court now turns to the substance of Defendant's motion for sanctions and attorneys' fees. In arguing whether the imposition of sanctions and attorneys' fees is appropriate in this case under Rule 11, Section 1927, and CEPA's fee-shifting provision, Plaintiff and Defendant essentially disagree on one point – the extent to which the "job duty exception" to CEPA is established law.

To establish a prima facie case under CEPA, a plaintiff must demonstrate that

(1) he or she reasonably believed that his or her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he or she performed a 'whistle-blowing' activity described in N.J.S.A. 34:19-3c; (3) an adverse employment action was taken against him or her; and (4) a causal

6

>connection exists between the whistle-blowing activity and the adverse employment action.

*Dzwonar v. McDevitt*, 177 N.J. 451, 462 (N.J. 2003).  A number of courts, however, have found a "job duty exception" to CEPA.  *See, e.g.*, *Kerrigan v. Otsuka Am. Pharm., Inc.*, No. 12-4346, 2012 WL 5380663 (E.D. Pa. Nov. 1, 2012); *Tayoun v. Mooney*, No. A-1154-10T3, 2012 WL 5273855 (N.J. Super. A.D. Oct. 26, 2012); *Aviles v. Big M, Inc.*, No. L-1254-08, 2011 WL 780889 (N.J. Super. A.D. Mar. 8, 2011), *cert. denied,*. 208 N.J. 336 (2011); *White v. Starbucks Corp.*, No. L-2422-08, 2011 WL 6111882 (N.J. Super. A.D. Dec. 9, 2011); *Richardson v. Deborah Heart & Lung Ctr.*, No. A-4611-08T2 at 17-18 (N.J. Super. Ct. App. Div. July 28, 2010), *cert. denied*, 205 N.J. 100 (2011); *Massarano v. New Jersey Transit*, 400 N.J. Super. 474 (N.J. Super. Ct. App. Div. Jan. 30, 2008).  Under this exception, "a plaintiff cannot establish that he engaged in a CEPA-protected act when the plaintiff's actions fall within the plaintiff's job duties."  *Kerrigan*, 2012 WL 5380663, at *2-3.

Although this Court recognized the "job duty exception" and, consequently, dismissed Plaintiff's CEPA claim on summary judgment, the Court cannot say that the "job duty exception" is so well-settled that sanctions are appropriate in this case.  First, as the Court noted in its summary judgment opinion, recognition of the "job duty exception" is an "emerging trend" that first appeared in 2008 in *dicta* in *Massarano v. New Jersey Transit*, 400 N.J. Super. 474 (N.J. Super. Ct. App. Div. Jan. 30, 2008).  (Docket Entry No. 45 at 10).  Additionally, in at least one case since then, a court has not applied the "job duty exception" where it would arguably otherwise apply.  *See Hallanan v. Twp. of Fairfield Bd. of Educ.*, No. L-379-08, 2012 WL 1520822 (N.J. Super. Ct. App. Div. 2012).

The Court's conclusion is further supported by the fact that the only opinions applying the "job duty exception" are unpublished decisions of the New Jersey Appellate Division.[3]  In New Jersey,

> [n]o unpublished opinion shall constitute precedent or be binding upon any court.  Except for appellate opinions not approved for publication that have been reported in an authorized administrative law reporter, and except to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law, no published opinion shall be cited by any court.  No unpublished opinion shall be cited to any court by counsel unless the court and all other parties are served with a copy of the opinion and of all contrary unpublished opinions known to counsel.

New Jersey Court Rule 1:36-3.  As such, an unpublished opinion "cannot reliably be considered part of our common law." *Trinity Cemetery Ass'n, Inc. v. Twp. of Wall*, 784 A.2d 52, 58 (N.J. 2001).  The Court cannot say, therefore, that the "job duty exception" is such well-settled law as to necessitate sanctions in this case.

Furthermore, Plaintiff argues that there is no New Jersey Supreme Court decision applying the "job duty exception" and that he is permitted to advocate that such an exception would be overturned by the New Jersey Supreme Court.  (*Id*. at 14).  To support this argument, Plaintiff points to *Hernandez v. Montville Twp. Bd. of Educ.*, 808 A.2d 128 (N.J. App. Div. 2002), in which the court did not apply the "job duty exception" despite facts suggesting that the exception would apply.  808 A.2d at 128.  Furthermore, the New Jersey Supreme Court granted certification in *Hernandez* and affirmed the decision of the New Jersey Appellate Division despite a dissenting opinion that included some language acknowledging that the plaintiff had been performing his job duties.  843 A.2d 1091 (N.J. 2004).

In this case, Defendants clearly advised Plaintiff that he was proceeding with a claim unsupported by a number of unpublished opinions from the New Jersey Appellate Division.

---

[3] As previously explained, *Massarano*, a New Jersey Supreme Court case, did not apply the "job duty exception" but discussed it in *dicta*.

Plaintiff and his counsel, however, chose instead to push forward where prudence would have dictated otherwise.  Plaintiff's counsel, in particular, should have been wary of proceeding with such a claim in light of the underlying family feud that is apparent from many of Plaintiff's allegations.  In light of the foregoing discussion, however, the Court cannot say that the "job duty exception" was so well-settled as to render Plaintiff's claim frivolous or without basis in law or fact.  As such, the Court finds that an award of sanctions or attorneys' fees under Rule 11, Section 1927, or N.J.S.A. 34:19-6 is not appropriate at this time.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Sanctions and Attorneys' Fees is denied.  An appropriate order will follow.


*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.


Date:  May 23, 2013